## NEWBURGH HEIGHTS (village) v TEGG etc.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9592. Decided April 29, 1929

Locher, Green & Woods, Cleveland, for Village.

Morgenstern & Morgenstern, Clevland, for Tegg.

boxing exhibitions held in violation of law. The question then arises, can a court of equity by the exercise of the injunction process, compel the chief executive of a village or a city to enforce a criminal law? It would be idle for this court to decree that the mayor and his boxing commission are without power to issue permits to hold boxing or wrestling exhibitions in Newburgh Heights since if the contention of plaintiff is correct, the issuance of the permit means nothing whatsoever. Should this court decree that the mayor of Newburgh Heights shall not permit the holding of boxing exhibitions unless a permit was first obtained from the boxing commission, which consists of the members of the village council? Were this court to so decree it would amount to supervisory powers over the acts of the executive and would aim to compel the executive to perform his legal duty. The process of injunction was at no time employed in such a course. There are other remedies to be applied against officers who fail in the performance of their duty but whatever they may be the process of government by injunction must be excluded.

The entire controversy is of a political character, where one branch of the government seeks to clothe itself with power of authority formerly and usually exercised by another branch of the government. Disputes of this character must be settled by the electorate and not by the courts.

The demurrer to the petition will therefore be sustained. A decree will be drawn accordingly.

Vickery, PJ and Sullivan, J, concur.

**LEVINE, J.**

Were we to grant the contention of plaintiff to the effect that the mayor and his boxing commission are without power to issue permits because of the provisions of the ordinance, we would be led to but one conclusion, namely. that the granting of the permit by the mayor and his boxing commission, to hold boxing exhibitions, is of no legal validity and amounts to nothing. We would then have the situation that the mayor permits or sanctions the holding of boxing exhibitions in the village of Newburgh Heights without compliance with the provisions of its ordinance and that he fails in the performance of his duties to use the police power vested in him to stop